

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 15, 1963

Honorable Raymond W. Vowell
Executive Director
Board for Texas State Hospitals
   and Special Schools
Austin, Texas

Opinion No. C-179

Re: Whether the Board, under
the provisions of H.B. 266,
Acts 58th Legislature, 1963,
may enter into a contract
with a licensed nursing
home to care for indigent
wives and widows of ex-
confederate soldiers and
sailors.

Dear Mr. Vowell:

In your opinion request dated November 4, 1963, you stated the following:

"The Board for Texas State Hospitals and Special Schools has under its control and management the Confederate Woman's Home located at 3710 Cedar, Austin, Texas, which is a home for indigent wives and widows of ex-confederate soldiers and sailors established by an Act of the Legislature of 1911 now codified as Articles 3218, 3219 and 3220, Vernon's Civil Statutes of Texas. This facility has in the past housed as many as 124 such persons; however the number being cared for at present has declined to three. It is costing the State of Texas approximately $1100.00 per month for each of them.

"This Board is desirous of avoiding these excessive costs by entering into a contract under the provisions of House Bill 266, Acts of the 58th Legislature, Regular Session, 1963, for the care of these persons and others who should apply and be admitted to the Confederate Woman's Home with a licensed nursing home. The cost of their care would be paid from funds appropriated to the Board for Texas State Hospitals and Special Schools to pay for contract treatment and new outpatient clinics.

-874-

"Your opinion as to the legality of such
a procedure is respectfully requested."

The statutes which create and require the maintenance
of the Confederate Woman's Home in Austin read as follows:

Article 3218, Vernon's Civil Statutes, states:

"There shall be established in or near
the city of Austin, a home for the indigent
wives and widows who are over sixty years of
age, of disabled ex-Confederate soldiers and
sailors who entered the Confederate service
from Texas, or who came to the State prior to
January 1, 1880, and whose disability is the
proximate result of actual service in the Con-
federate army for at least three months, and
also for women who aided the Confederacy.
This institution shall be known as the Con-
federate Woman's Home."

Article 3219, Vernon's Civil Statutes, states:

"The Board shall make suitable rules and
regulations for the admission of women to the
benefits of said home and for the internal
government and management of said home. The
Board shall also provide such attendants and
nurses as may be deemed necessary in the manage-
ment of the Home, and fix their compensation.
The Board shall appoint a superintendent for
the Confederate Woman's Home, with the approval
of the Governor."

Article 3220, Vernon's Civil Statutes, states:

"Said superintendent must be the widow or
daughter of a confederate soldier, and shall
reside in the Home and receive free board and
lodging. She may hold office for a term of
two years."

Article 3174b, Vernon's Civil Statutes, transferred
the control and management of the Confederate Home for Women
to the Board for Texas State Hospitals and Special Schools.
No subsequent legislation has been enacted by the Legislature
which would authorize the closing of such institution. Nor is
it our opinion that House Bill 266, Acts of the 58th Legisla-
ture, Regular Session, 1963, compiled as Article 3174b-S,

Vernon's Civil Statutes, authorizes the Board to contract with licensed nursing homes for the care of the persons mentioned in your letter. This Act reads as follows:

> "'Section 1. The Board for Texas State Hospitals and Special Schools may contract for the support, maintenance, care and treatment of mentally ill and tubercular patients committed to its jurisdiction or for whom the Board is legally responsible. Such contracts may be made between the Board and city, county, and state hospitals, private physicians, licensed nursing homes and hospitals and hospital districts.'

> "Sec. 2. All laws or parts of laws in conflict herewith are hereby repealed.

> "Sec. 3. The fact that from time to time institutions under the control and management of the Board for Texas State Hospitals and Special Schools become overcrowded, making it impossible to adequately treat and care for such persons, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

The terms of the Act apply only to "mentally ill and tubercular patients." The purpose of the Confederate Woman's Home is not to care for this category of persons. From a reading of Section 3 of this Act, it is further evident that the Legislature did not intend to repeal any portion of Articles 3218, 3219, or 3220, Vernon's Civil Statutes, for in this Section the Legislature speaks of the overcrowded conditions of institutions.

It is, therefore our opinion that until the Legislature repeals or amends the Acts creating the Confederate Woman's Home, such institution must be maintained for the purposes set forth, as long as eligible women reside therein.

## S U M M A R Y

House Bill 266, Acts of the 58th Legislature, Regular Session, 1963, does not authorize the Board for Texas State Hospitals and Special Schools to contract with licensed nursing homes for the care of persons being cared for at the Confederate Woman's Home, unless they are mentally ill or tubercular.

Yours very truly,

WAGGONER CARR
Attorney General

By

Jerry Brock
Assistant

JB:mkh:zt

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Pat Bailey
Marvin Brown
Murray Jordan
Ben Harrison

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone